William J. Regan, S.
In this proceeding the claimant undertaker seeks an order directing the appropriation of funds of Francis L. Kruger, an infant, in a reasonable amount on account of the cost of the funeral of John L. Kruger, his father. This proceeding is permitted under section 194 of the Surrogate’s Court Act, which states: “ the surrogate may, in his discretion, and upon such notice to others as he deems proper, make an order directing the appropriation of funds of the infant in a reasonable amount on account of the cost of the funeral of a parent of an infant whenever it shall be made to appear to the satisfaction of the surrogate that the estate of the parent is insufficient to pay the cost of such funeral.”
The law is quite emphatic in its requirements regarding a funeral bill and, in the interest of public health and decency, preferential treatment is accorded to funeral directors. “ The burial of the decedent is a subject which interests humanity to a much greater degree than many matters of actual property. There is a duty imposed by the universal feelings of mankind to be discharged by someone to the dead; a duty to properly cover and bury a dead body.” (2 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 126.)
Section 216 of the Surrogate’s Court Act states: 11 Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of the decedent ”.
With regard to petitioner’s seeking his remedy elsewhere, there appears to have been no detriment or disadvantage to anyone. As a matter of fact, in this case the detriment or disadvantage could have been occasioned the funeral director. Although the infant has been receiving Social Security benefits, a substantial portion of the insurance proceeds which he received have heretofore been withdrawn for various and sundry reasons.
Under section 194 of the Surrogate’s Court Act, the Surrogate, in the exercise of his discretion, first looks to the estate for payment of funeral bills. Here the estate of the decedent was insolvent. This court is also interested in determining whether there were other sources available for such payment and, as a matter of fact it appears that petitioner has exhausted all possible avenues of payment.
Commensurate with the size of the estate, the amount of insurance proceeds presently available in the infant’s account, and *503 the need to keep the undertaker from being penalized herein, the court will not burden the infant’s funds with the entire funeral bill but will order the appropriation of $800 from said infant’s funds for the payment of his father’s funeral bill.
The court acknowledges with thanks the several appearances of the special guardian herein, his devotion to his ward’s interest, his extensive brief on the infant’s behalf, and, last but not least, his expression of co-operation and his suggestion that any fee to him be waived, with which the court is in accord.